IN THE UNITED STATES DISTRICT COURT  
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| JOHN CHARP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 10-CV-3216 |
| ) | |
| GOLDEN MOMENTS SENIOR CARE, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

On August 24, 2010, *pro se* Plaintiff filed his Complaint herein and requested to proceed *in forma pauperis*. That motion was granted and on October 27, 2010, summons was returned executed upon "Chris Robb, Golden Moments Senior Care", Jacksonville, Illinois (d/e 7). No answer was filed by Golden Moments Senior Care, and on March 18, 2011, the undersigned entered a Text Order advising the *pro se* Plaintiff that the Court did not believe service upon Chris Robb to be proper service under Rule 4, Federal Rules of Civil Procedure. On April 11, 2011 an alias summons was issued to Melvin Siegel, President, Gold Moments Senior Care, Lincolnwood, Illinois (d/e 11). That summons was returned unexecuted on May 18, 2011, and marked "No longer at this address. An

empty office." (d/e 12)

By Text Order dated May 19, 2011, the undersigned noted that Plaintiff had verbally advised the Clerk that Defendant Golden Moments Senior Care was now under the management of Mavin Enterprises. Plaintiff was given until June 3, 2011 to file an amended complaint should he so desire, and was advised that if service was not perfected, the case was subject to dismissal for want of prosecution under Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 4(m) directs that a Plaintiff must serve a Defendant within 120 days of filing of the Complaint. No amended complaint has been filed. As of today's date, *pro se* Plaintiff has failed to comply with Rule 4(m). The Court recommends that *pro se* Plaintiff's Complaint be dismissed for want of prosecution.

Plaintiff is advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after being served with a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to file a timely objection will constitute a waiver of objections on appeal. Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). See Local Rule 72.2.

The Clerk of the Court is directed to send a copy of this Report and Recommendation to *pro se* Plaintiff at his last known address.

ENTER: June 8, 2011

FOR THE COURT:

_____s/ Byron G. Cudmore_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE